UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NICHELLE L. JACKSON | ) | |
| | ) | |
| Plaintiff | ) | CASE NO. 1:19-cv-04052-JPH-DLP |
| | ) | |
| vs. | ) | |
| | ) | |
| MED-1 SOLUTIONS, LLC | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## MED-1'S OBJECTION TO PLAINTIFF'S REQUEST THAT EACH PARTY BEAR THEIR OWN COSTS IN PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE

Comes now Defendant, MED-1 Solutions, LLC ("MED-1"), by counsel, and for its objection to Plaintiff's request that each party bear their own costs in Plaintiff's motion to dismiss her complaint with prejudice, states the following:

1. On September 4, 2020, Plaintiff filed a motion to dismiss her complaint against MED-1 with prejudice and therein requested all parties to bear their own costs and fees. [Doc. 46]

2. MED-1 does not object to dismissal of Plaintiff's complaint with prejudice; however, MED-1 objects to Plaintiff's request that each party bear their own costs.

3. Under Federal Rule 54, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party" Fed. R. Civ. P. 54(d).

4. "[A] voluntary dismissal with prejudice renders the opposing party a 'prevailing party' within the meaning of Rule 54." *Mother and Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003); *see also Riviera Distributors, Inc. v. Jones*, 517 F.3d 926, 928 (7th Cir. 2008) ("[Defendant] obtained a favorable judgment. That this came about when [plaintiff] threw

in the towel does not make [defendant] less the victor than it would have been had the judge granted summary judgment or a jury returned a verdict in its favor. [Plaintiff] sued; [defendant] won; no more is required.").

5. The Seventh Circuit has "recognized only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Cassidy*, 338 F.3d at 708; *U.S. ex rel. Pileco, Inc. v. Slurry Systems, Inc.*, 804 F.3d 889, 894 (7th Cir. 2015) (same); *King v. Lukens*, 2013 WL 1975910 at *1 (S.D. Ind. May 13, 2013) (same).

6. In her motion to dismiss with prejudice, with each party bearing their own costs and fees, Plaintiff fails to argue that costs should not be awarded to MED-1 because of its conduct or because Plaintiff is indigent. [Doc. 46]

7. Therefore, if this Court grants Plaintiff's motion to dismiss her complaint with prejudice—and MED-1 does not object to dismissal of her complaint with prejudice—then costs must be awarded to MED-1. *See Cassidy*, 338 F.3d at 710 ("costs must be awarded to a prevailing party unless one of the recognized situations warranting a denial of costs is present."). In *Cassidy*, the Seventh Circuit concluded, "The district court [] acted beyond its authority when it attempted to deny the [defendant] its right to costs as a condition of the Rule 41 dismissal." *Id.* In doing so, it stated, "Where the dismissal is with prejudice, however, as it was here, nothing in the language of Rule 41 suggests that the prevailing defendant should not enjoy the normal benefits of a final judgment in its favor." *Id.*; *see also Jones*, 517 F.3d at 928; *Timothy B. O'Brien LLC v. Knott*, 2019 WL 4722483 at *4 (W.D. Wisc. May 16, 2019) (rejecting plaintiff's request that each party

bear their own costs in its motion for voluntary dismissal and allowing defendants to submit a bill of costs).

8. In fact, awarding MED-1 costs as the prevailing party is even more warranted in this case than the typical one. As noted in MED-1's motion to extend the discovery deadline, about four hours into Plaintiff's deposition, Plaintiff announced that she was finished and that she would refuse to answer any additional questions. [Doc. 44, ¶ 8] Over the protest/objection from MED-1's counsel, Plaintiff then disconnected from the video/Zoom deposition. [Doc. 44, ¶ 8] In that motion, MED-1 also described how it believes that Plaintiff has a duty to supplement and correct her prior written discovery responses and counsel for the parties were engaged in discussion about supplementation and correction of the discovery responses as well as completion of Plaintiff's deposition. [Doc. 44, ¶ 9] Plaintiff requested to dismiss her case with prejudice prior to MED-1 having the opportunity to complete Plaintiff's deposition or receiving complete and corrected discovery responses. Thus, awarding MED-1 costs is not only warranted under existing Seventh Circuit authority, but it is especially fair and proper under this unique factual scenario.

9. MED-1 requests the Court to allow it to file a bill of costs, seeking recovery of costs under 28 U.S.C. § 1920 and allowed by law, within 14 days of entry of final judgement that dismisses Plaintiff's lawsuit with prejudice. *See* S.D. Ind. L.R. 54-1(a).

WHEREFORE, Defendant, MED-1 Solutions, LLC, objects to Plaintiff's request in her motion to dismiss her complaint with prejudice that each party bear their own costs and asks the Court to allow MED-1 to submit a bill of costs to the Court within 14 days of entry of final judgment.

                              KIGHTLINGER & GRAY, LLP

By   s/ *Nicholas W. Levi*
      Nicholas W. Levi (#24278-53)
      One Indiana Square, Suite 300
      211 North Pennsylvania Street
      Indianapolis, Indiana 46204
      Telephone: 317-638-4521
      Email: nlevi@k-glaw.com